# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JOHN JONES, | ) | Case No. _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| SWIFT BEEF COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**Statement of Jurisdiction**:

1. Plaintiff is a resident of Grand Island, Hall County, Nebraska.

2. Defendant is a corporation doing business in Grand Island, Hall County, Nebraska.

3. All facts relevant to this case took place in Grand Island, Nebraska.

4. That defendant employed the plaintiff from August 10, 2020 to February 22, 2021 as a meat puller.

5. That plaintiff was constructively terminated by the defendant on February 22, 2021.

6. That plaintiff filed a timely charge of discrimination against the defendant based on disability, race, and retaliation on March 19, 2021 with the Nebraska Equal Opportunity Commission and Equal Employment Opportunity Commission. (NEB 2-20/21-3-51931-RS/32E-2021-00281) Plaintiff received a right to sue letter from the NEOC and EEOC on March 8, 2022.

7. That plaintiff's causes of action arise under the Nebraska Fair Employment Act, Americans with Disabilities Act, Title VII, 42 USC §1981 and the common law of the state of Nebraska.

**Facts**

8. Plaintiff incorporates Paragraphs 1-7 into this complaint.

9. That plaintiff reported a work injury to his bi-lateral hands and neck due to repetitive use on August 27, 2020.

10. That defendant, Swift Beef Company, became aware that plaintiff had made a claim for workers' compensation benefits shortly afterwards.

11. That in September 2020, plaintiff's supervisor Brian Ulrich, wrote up the plaintiff.

12. That Ulrich wrote about plaintiff for the false allegation that plaintiff did not inform him about his injury and work restrictions.

13. That Ulrich disciplined plaintiff at least five times between September 2020 and February 2021 for missing work to seek treatment for his work injury.

14. That plaintiff was assigned work restrictions of not lifting, grasping or grabbing more than 10 pounds.

15. That plaintiff filed a grievance about Ulrich for discrimination and harassment in December 2020.

16. That plaintiff had hand surgery in January 2021.

17. That plaintiff returned to work two days after his surgery with the restriction of no use of his hands for two weeks.

18. That Ulrich assigned plaintiff to jobs he was incapable of doing.

19. That Ulrich again wrote up plaintiff for missing time away from work in February 2021. This led to a suspension.

20. That the reason for the discipline was not legitimate because plaintiff was missing work due to his work injury and those were excused absences.

21. That on February 22, 2021, Ulrich forced the plaintiff to perform a picking job that he could not do.

22. Plaintiff was incapable of doing the work and defendant refused to reassign the plaintiff.

23. That Ulrich and one his subordinates encouraged the plaintiff to quit.

24. That defendant had a leave of absence policy that would have allowed plaintiff to stay employed.

25. But instead of offering unpaid leave under their policy, the defendant deemed the plaintiff to have resigned.

26. That at all times plaintiff's job performance was satisfactory.

27. That plaintiff is an African American male.

28. That similarly situated non-African Americans were accommodated with re-assignments and unpaid leave.

**Causes of Action**

**Counts 1 and 2**

29. That defendant violated state and federal law by discriminating against the plaintiff on the basis of disability for reasons including but not limited to: a) forcing plaintiff to work beyond his work restrictions b) not offering plaintiff

alternate duty work c) not offering plaintiff unpaid leave and d) not following defendant's policies for reasons stated in paragraphs b and c.

**Counts 3 and 4**

30. That defendant violated state and federal law by retaliating against the plaintiff for asking for accommodation for his disability for reasons stated in Paragraph 29. In addition to those reasons, reasons also include but are not limited to a) false reasons for disciplinary action b) close time proximity between plaintiff asking for accommodation and the defendant taking adverse action against the plaintiff and c) plaintiff's satisfactory work performance.

**Count 5**

31. That defendant violated the public policy of the state of Nebraska by retaliating against the plaintiff for claiming benefits under the Nebraska Workers' Compensation Act for reasons stated in Paragraphs 29 and 30. In addition to those reasons, reasons also include but are not limited to a) defendant's knowledge of plaintiff's workers' compensation claim and b) close time proximity between plaintiff's claiming of workers' compensation and defendant taking adverse action against the plaintiff for false reasons.

**Counts 6-8**

32. That defendant violated state and federal statute in discriminating against plaintiff on the basis of race under the Nebraska Fair Employment Practices Act, Title VII and 42 USC §1981 for reasons including but not limited to a) similarly-situated employees who were not African American were allowed to request re-assignments and leave to accommodate injuries b) plaintiff's

satisfactory work performance c) defendant's false reasons for taking adverse action against plaintiff and d) defendant not following company policy in taking adverse action against the plaintiff.

**Request for Relief and Jury Demand**

Plaintiff asks for a trial by jury to determine the rights of the parties. He asks for all relief available under law and equity consistent with the facts of the case.

JOHN JONES, Plaintiff

REHM, BENNETT,
MOORE & REHM, P.C., L.L.O.
3701 Union Dr., #200
Lincoln, NE 68516
(402) 420-1400
E-mail: jonrehm@rehmlaw.com

For the firm**: /s/Jon Rehm**
                    Jon Rehm   #23097